# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 06 CR 682 |
| | ) | |
| MOSHOODI EMIOLA AJIJOLA | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Moshoodi Emiola Ajijola's ("Ajijola") motion for a new trial. For the reasons stated below, we deny the motion.

## BACKGROUND

Ajijola was charged by indictment in this case, along with eight other Co-Defendants, with conspiracy to possess with intent to distribute heroin (Count One) and with possession with the intent to distribute heroin (Count Ten), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. A jury trial was commenced in this case on January 28, 2008, and the jury found Ajijola guilty on both counts on February 1, 2008. Ajijola now moves for a new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 33.

1

## LEGAL STANDARD

A court may provide a defendant found guilty by a jury of a crime with a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision concerning whether a new trial is warranted is "committed to the sound discretion of the trial judge." *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004)(citations omitted). In determining whether to grant a new trial, a court should exercise "great caution" and be "wary of second guessing the determinations of the . . . jury." *Id.* (citing *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)).

## DISCUSSION

The substance of Ajijola's motion for a new trial states: "[t]he Government failed to prove the Defendant guilty of the charges against him beyond a reasonable doubt" and "[t]he Court erred in denying the Defendant's motion for a directed verdict of not guilty at the close of the Government's evidence." Ajijola's motion has not shown that the Government failed to prove him to be guilty of the charges against him or that the court erred in denying his motion for a directed verdict. Ajijola has also shown no reason why he should be entitled to a new trial pursuant to Federal Rule of Criminal Procedure 33. A defendant seeking a new trial pursuant to Federal Rule of Criminal Procedure 33 bears the "heavy burden" of showing that a new trial would be required in the interest of justice. *United States v. Seawood*, 172

F.3d 986,988 (7th Cir. 1999); Fed. R. Crim. P. 33(a). Ajijola has failed to meet this burden.

Contrary to Ajijola's assertion, the Government presented more than sufficient evidence to support the jury's finding of guilty on both counts. Two witnesses, including one of Ajijola's Co-Defendants, gave extensive testimony about Ajijola's role as a heroin supplier for a wholesale heroin distribution business. Furthermore, the testimony offered by the Government was corroborated by wiretap evidence in which Ajijola's Co-Defendants discussed contacting Ajijola for heroin. Surveillance officers for the Drug Enforcement Agency ("DEA") also testified that Ajijola's Co-Defendants went to Ajijola's house when they needed heroin. Finally, the Government offered evidence that Ajijola made statements to DEA agents after his arrest confirming that he was the individual discussed as the heroin supplier in the wiretap conversations.

Given the overwhelming evidence of Ajijola's guilt that was presented to the jury and the deference that should be accorded to jury verdicts by the courts, we deny the motion.

## CONCLUSION

Based on the foregoing analysis, we deny Ajijola's motion for a new trial.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 25, 2008